**UNITED STATES of America and Joseph R. Rouleau, Special Agent of the Internal Revenue Service, Petitioners/Appellants,**

v.

**Gideon GOLDMAN, Certified Public Accountant, Respondent/Appellee.**

No. 78–3121.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 18, 1980.

Decided Oct. 29, 1980.

R. Bruce Johnson, Washington, D. C., for petitioners/appellants.

Barry L. Guterman, Hochman, Salkin & DeRoy, Beverly Hills, Cal., for respondent/appellee.

Before PREGERSON and NELSON, Circuit Judges, and TURRENTINE,* District Judge.

NELSON, Circuit Judge:

This is an appeal from an order of the district court denying in part enforcement of an Internal Revenue summons.

* Hon. Howard B. Turrentine, United States District Judge for the Southern District of California, sitting by designation.

Special Agent Joseph Rouleau sought certain records from accountant Gideon Goldman pertaining to Goldman's client taxpayer Haim Mizrahi. When Goldman refused to appear pursuant to an IRS summons, Rouleau filed a petition to enforce the summons. The district court issued a show cause order to Goldman and held a hearing on the matter. The court ordered that the summons be enforced with certain exceptions. Two of those exceptions form the basis of this appeal:

a. The court denied the Government's request to have Goldman give testimony and produce for examination books, records, and other documents pertaining to years prior to those years for which the Special Agent was conducting his examination of Mizrahi's tax liability. (While the investigation covered tax years 1973–76, the request included years 1970–72.)

b. The court denied the Government's request to have Goldman produce for examination his retained copies of all federal, state, and local tax returns he had prepared for Mizrahi.

The question presented is whether the district court was correct in concluding that the Government had not met its light burden in establishing that the records in question were relevant and that the Government did not possess them. After examining the district court's actions under the appropriate "clearly erroneous" standard, we affirm.

## I. Standard of Review

A preliminary matter to be considered is what standard this court should apply in reviewing a district court's decision not to enforce an Internal Revenue summons. The Tenth Circuit faced this issue in *United States v. Coopers & Lybrand*, 550 F.2d 615 (10th Cir. 1978). "Because a proceeding to enforce a summons is an adversary proceeding controlled by the Federal Rules of Civil Procedure, [citations omitted], a district court's determination that a summons should not issue must stand unless determined to be clearly erroneous." 550 F.2d at 620. This court, in dicta, has en-

dorsed the use of the "clearly erroneous" standard in such instances. *United States v. Asay*, 614 F.2d 655, 661 (9th Cir. 1980) (citing *Coopers & Lybrand* for the proposition that "[t]he trial court's decision will not be disturbed unless it is clearly erroneous," but using a mere error standard where the lower court misunderstood its power or jurisdiction). *See also United States v. Zack*, 521 F.2d 1366, 1369 (9th Cir. 1975). We now adopt the clearly erroneous standard for review of Internal Revenue summons enforcement decisions.

## II. Enforcement of the Summons

The Government's original summons was issued pursuant to its authority under I.R.C. § 7602 to summon testimony and documents for the purpose of ascertaining tax liability. Enforcement jurisdiction for refusal to comply with an IRS summons is lodged with the U.S. District Courts under I.R.C. §§ 7402(b) and 7604(a).

The nature of the showing required by the IRS prior to enforcement was set forth by the Supreme Court in *United States v. Powell*, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964):

Reading the statutes as we do, the Commissioner need not meet any standard of probable cause to obtain enforcement of his summons .... He must show that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already in the Commissioner's possession, and that the administrative steps required by the Code have been followed ....

*Id.* at 57–58, 85 S.Ct. at 255. *See United States v. Church of Scientology*, 520 F.2d 818, 821 (9th Cir. 1975).

The *Powell* opinion goes on to indicate that the court may inquire into the reasons for examination so as to prevent abuse from the enforcement of a summons issued for an improper purpose such as harassment. The instant appeal, however, concerns only the middle two of the four *Powell* criteria: whether the material is rele-

vant and whether it is not already in the possession of the IRS.

### a. Records from Prior Years

■ Insofar as the material from prior years is concerned, the question is solely one of relevance. As stated in *Powell*, the required standard that the IRS must meet is clearly less than probable cause. The standard has been defined, as the district court noted, as whether the inspection sought might have thrown light on the correctness of the taxpayer's return. *Foster v. United States*, 265 F.2d 183 (2d Cir. 1959), *cert. denied*, 360 U.S. 912, 79 S.Ct. 1297, 3 L.Ed.2d 1261 (1960); *United States v. Ryan*, 455 F.2d 728, 733 (9th Cir. 1972). The Second Circuit further discussed this standard in *United States v. Harrington*, 388 F.2d 520, 524 (2d Cir. 1969):

> The question, and it is not always one that lends itself easily to solution, is whether from what the Government already knows there exists the requisite nexus between taxpayer and records of another's affairs to make the investigation reasonable– in short, whether the "might" in the articulated standard "might throw light upon the correctness of the return," is in the particular circumstances an indication of a realistic expectation rather than an idle hope that something may be discovered.

*See United States v. Davey*, 543 F.2d 996, 1000 (2d Cir. 1976); *United States v. Matras*, 487 F.2d 1271 (8th Cir. 1973).

The Government admits that the district court recognized the proper standard but argues that it was erroneously applied and that the Government sustained its "minimal" burden of establishing relevance. Our review of the record, however, discloses no error substantial enough to require reversal.

■ The Government's burden, while not great, is also not non–existent. The Government appears to argue that the mere assertion of relevance by Agent Rouleau satisfied that burden. Even to the extent this might be true for records concerning the tax years being examined, relevance is not so clear when records for other years are sought. The district court examined the Government's allegations of relevance of prior year's records, and heard testimony from Agent Rouleau which attempted to establish that relevance. The record reveals that the Government had every chance to make the minimal showing of specificity required. In its conclusions of law, however, the court noted that the Government's allegations "contained nothing of particularity concerning this case. There is no reference to any transaction which might possibly afford a realistic expectation necessary to obtain the 1970–72 documents." *Clerk's Record* at 87. The court's conclusion that Rouleau's allegations failed to meet the minimum required, even though the question could be considered a close one, does not reach the status of "clearly erroneous."

The Government argues that relevance was established by Rouleau's "contemplation" of the use of a net–worth method in auditing Mizrahi's tax liability. Rouleau's testimony does allude to the use of such a method. Yet when he was asked directly on cross–examination whether he was preparing a net–worth audit, the Government's own objection precluded the answer from entering the record. *Falsone v. United States*, 205 F.2d 734 (2d Cir.), *cert. denied*, 346 U.S. 864, 74 S.Ct. 103, 98 L.Ed. 375 (1953), one of the cases cited by the Government for the proposition that information from prior years is necessary to determine net worth, involved an affidavit in which the investigating agent specifically stated his intention to make a net–worth audit. If Rouleau had been willing to do the same, perhaps the Goverment's burden would have been met. However, the district court's finding that the burden had *not* been met in this case is not, on this record, clearly erroneous.

■ Because the Government never met its burden, no burden ever shifted to Goldman to disprove relevance. Thus the lack of factual assertions by Goldman to disprove relevance has no bearing on the case. *Cf. United States v. Church of Scientology,*

520 F.2d 818, 824 (9th Cir. 1975) (party resisting enforcement on bad faith grounds must do more than merely allege improper purpose).

### b. Retained Copies

The court below drew a similar conclusion in regard to the retained copies of Mizrahi's returns. Again, the record indicates that the district court gave the Government the opportunity to establish the relevance of the retained returns and to provide some reason to believe that, in this case, those returns might be different from those filed. The court's conclusion, that the Government made no showing of a realistic expectation that something may be discovered, is not contradicted by the record, and is thus not clearly erroneous.

One peripheral matter is deserving of some discussion. The Government appears to argue that, in issuing a show cause order, the district court implicitly found that the Government had met its *Powell* burden, thereby shifting to Goldman the burden of showing defects in the summons. This is a misperception of the function of the show cause order. In this context, the district court properly accepted Agent Rouleau's allegations of relevance as a *prima facie* showing adequate to call for the hearing demanded in the show cause order. Goldman's challenge marked the first point at which the Government was put to its true burden of establishing relevance. As the Supreme Court pointed out in *United States v. Bisceglia*, 420 U.S. 141, 146, 95 S.Ct. 915, 919, 43 L.Ed.2d 88 (1975):

> Once a summons is challenged, it must be scrutinized by a court to determine whether it seeks information relevant to a legitimate investigative purpose .... The cases show that the federal courts have taken seriously their obligation to apply this standard to fit particular situations, either by refusing enforcement or narrowing the scope of the summons.

Until there is such a challenge, the district court has no reason to place such a burden on the Government. It follows that the mere issuance of an order to show cause does not constitute a finding that *Powell* criteria have been satisfied. In this case, the summons on its face gave no clue that some of the records being requested pertained to years prior to those being investigated. Thus it is difficult to see how the district court could have made any preliminary relevance determination as to those materials.

The district court's ruling is therefore affirmed.