**Samuel W. LUCAS and Belle Lucas, his wife, and Florence Anthone, in their own names and on behalf of all other persons similarly situated, Plaintiffs-Appellants,**

v.

**FLORIDA POWER & LIGHT COMPANY, a Florida Corporation, Defendant-Appellee.**

No. 83–5797.

United States Court of Appeals, Eleventh Circuit.

March 30, 1984.

Wallace, Engels, Pertnoy & Solowsky, Jay Solowsky, Miami, Fla., for plaintiffs-appellants.

Steel Hector & Davis, Richard C. Smith, Miami, Fla., for defendant-appellee.

Before HATCHETT, ANDERSON and CLARK, Circuit Judges.

BY THE COURT:

The defendant Florida Power & Light has moved this court to dismiss plaintiffs' appeal on the grounds that plaintiffs' notice of appeal was not timely filed.

The plaintiffs brought a class action in the Southern District of Florida, alleging that the defendant had engaged in certain practices which violated § 10(b) of the Securities Exchange Act of 1934. On October 31, 1983, 575 F.Supp. 552, following a bench trial, the district court entered a judgment in defendant's favor, and further stated that "Defendant shall recover the costs of this action from plaintiffs." On November 10, plaintiffs timely moved the district court "pursuant to Rule 59(e) of the Federal Rules of Civil Procedure" to alter or amend the final judgment with respect to the allocation of costs. The plaintiffs argued first that it was improper to assess costs against passive members of the plaintiffs' class, insofar as they had not been put on notice that they were at risk of having costs assessed against them; and second, that it was inequitable to assess costs against any of the plaintiffs, active or passive. On November 20, the plaintiffs filed a notice of appeal. On January 5, 1984, the district court undertook a "clarifi-

cation" of its October 31 judgment, limiting liability for costs to the plaintiffs actively represented, and denied the plaintiffs' motion in all other respects. No further notice of appeal was filed by plaintiffs.

Rule 59(e) of the Federal Rules of Civil Procedure permits a litigant to move the court to alter or amend a judgment within ten days of the entry of judgment. Rule 4(a)(4) of the Federal Rules of Appellate Procedure provides in relevant part that:

> If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party: ... under Rule 59 to alter or amend the judgment ... the time for appeal for all parties shall run from the entry of the order ... granting or denying any ... such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect.

The defendant argues that since plaintiffs' November 20 notice of appeal was filed before the January 5 disposition of their self-styled Rule 59 motion to alter or amend the judgment, the notice of appeal had no effect; and because no timely notice of appeal was filed within the required thirty days after the district court's resolution of the "Rule 59" motion, defendant urges that the plaintiffs' appeal be dismissed.

A motion respecting costs is not a motion to alter or amend a judgment under Rule 59. Rule 59 applies to motions for reconsideration of matters encompassed in a decision on the merits of the dispute, and not matters collateral to the merits. A motion for costs does not seek reconsideration of substantive issues resolved in the judgment, but relates exclusively to the collat-

eral question of what is due because of the judgment. *Knighton v. Watkins,* 616 F.2d 795, 797–98 (5th Cir.1980); *see also White v. New Hampshire Department of Employment Security,* 455 U.S. 445, 450–56, 102 S.Ct. 1162, 1165–68, 71 L.Ed.2d 325, 330–34 (1982).[1]

Rules 54(d) and 58 are the applicable rules governing the allocation of costs. Rule 54(d) of the Federal Rules of Civil Procedure provides in part that "costs shall be allowed as of course to the prevailing party unless the court otherwise directs." It was therefore unnecessary for the court affirmatively to direct that the prevailing defendant be allowed costs. In its November 10 motion, the plaintiffs urged the district court to exercise its option under Rule 54(d) to direct that the prevailing party be allowed less than all costs. The finality of the judgment respecting the merits of plaintiffs' securities fraud action was not affected by the pendency of its motion concerning costs, for as Rule 58 of the Federal Rules of Civil Procedure provides: "Entry of the judgment shall not be delayed for the taxing of costs." There is no need to delay entry of judgment pending taxing of costs, since a motion to review taxation of costs may be passed upon by the district court while an appeal is pending. J. Moore, *Moore's Federal Practice* ¶ 54.-77[9], 1753–54 (1983).

Whereas F.R.App.P. 4(a)(4) states that a notice of appeal is a nullity to the extent that it is filed when a Rule 59 motion is still pending, F.R.App.P. 4 does not nullify a notice of appeal filed prior to final resolution of matters pertaining exclusively to costs under Rules 54(d) and 58.[2] Conse-

---

**1.** The narrow issue in *White* was whether a motion for attorney's fees following judgment, under 42 U.S.C. § 1988, constituted a Rule 59 motion to alter or amend the judgment. The Supreme Court held that it did not:

> The federal courts generally have invoked Rule 59(e) only to support reconsideration of matters properly emcompassed in a decision on the merits [citation omitted]. By contrast, a request for attorney's fees under § 1988 raises legal issues collateral to the main cause

of action—*issues to which Rule 59(e) was never intended to apply.*

*Id.* 102 S.Ct. at 1166 (emphasis supplied). The Supreme Court's observations with respect to attorney's fees applies with equal if not greater force to costs, for costs must certainly be regarded as collateral to the main cause of action in this case.

**2.** By its terms, F.R.App.P. 4(a)(4) renders notice of appeal ineffective only insofar as the notice is filed before the disposition of any one of the following motions: for judgment under F.R.C.P.

quently, plaintiffs' notice of appeal must be deemed effective, notwithstanding that the plaintiffs characterized their motion as one filed pursuant to Rule 59, for we agree with a recent decision of the Ninth Circuit, holding that:

> Though [defendant] styled its motion a Rule 59(e) motion, "nomenclature is not controlling." [citation omitted]. The court will construe it, however styled, to be the type proper for the relief requested.

*Miller v. Transamerican Press, Inc.,* 709 F.2d 524, 527 (9th Cir.1983).

The motion to dismiss is therefore DENIED.

50(b); to amend or make additional findings of fact under F.R.C.P. 52(b); or for a new trial or to alter or amend the judgment under F.R.C.P. 59.