891 F.2d 1407
 65 A.F.T.R.2d 90-424, 90-1 USTC P 50,039
 In the Matter of the Tax Liabilities of John Does,
Participants in Investment Plans Promoted by Henry
Kersting During the Calendar Years 1984,
1985, and 1986.
UNITED STATES of America, Petitioner-Appellee,
v.
Henry KERSTING, Respondent-Appellant.
UNITED STATES of America, Petitioner-Appellee,
v.
Henry KERSTING, Respondent-Appellant,
Richard Hongsermeier; Fidela Hongsermeier; Hoyt W. Young;
Barbara D. Young; Robert L. Dufresne; Carolyn S. Dufresne;
Jerry A. Dixon; Patricia Dixon; Ralph J. Rina; Terry D.
Owens; Gloria K. Owens, Applicants in intervention-Appellants.
Nos. 88-1738, 88-15549 and 88-15565.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Nov. 2, 1989.
Decided Dec. 13, 1989.
 Page 1408
 
 L.T. Bradt, Houston, Tex., for respondent-appellant.
 Joe Alfred Izen, Jr., Bellaire, Tex., for applicants-in-intervention-appellants.
 William A. Whitledge, Dept. of Justice, Washington, D.C., for petitioner-appellee.
 Appeal from the United States District Court for the District of Hawaii.
 Before SNEED, KOZINSKI and THOMPSON, Circuit Judges.
 SNEED, Circuit Judge:
 
 
 1
 The IRS issued a John Doe summons[1] requiring Henry Kersting to produce documents concerning certain investment plans promoted by him. On January 14, 1988, the district court ordered enforcement of the summons over Kersting's objections. On February 14, 1988, Kersting filed a notice of appeal with this court. On August 31, 1988, the district court denied four subsequently filed motions relating to the summons, three filed by Kersting and one filed by eleven prospective intervenors. The court ruled that it did not have jurisdiction over the matters while Kersting's appeal of the summons enforcement was pending. Kersting and prospective intervenors appeal. We affirm both orders, based on the record before the trial court. We remand for further development of the record and to allow the district court, at its discretion, to consider those motions that have not been rendered moot by Kersting's compliance should he be found to have complied only in part with the summons.
 
 I.
 FACTS AND PROCEEDINGS BELOW
 
 2
 This appeal is the consolidation of three cases, two by Kersting and one by the intervenors, relating to the enforcement of a John Doe summons.
 
 A. Case No. 88-1738
 
 3
 On May 15, 1987, the IRS petitioned the district court for leave to serve a John Doe summons on Henry Kersting. In its petition, the IRS alleged that Kersting promoted tax shelters of questionable validity and that it sought the summoned documents in order to identify taxpayers participating in his investment plans.[2] Clerk's Record at 1. On July 1, 1987, the district court authorized service of the summons pursuant to Section 7609(f) of the Internal Revenue Code.[3] Kersting filed objections to the summons on August 10, 1987, claiming that the summons was issued as "part of an on-going campaign of administrative bad faith" against him on the part of the IRS. He asserted that: (1) the IRS had no basis for stating that it believed that the persons about whom information was sought had not complied with a tax law; (2) the IRS was already in possession of "much of the information" that it sought by the summons, by virtue of its execution of a 1981 search warrant;[4] (3) the IRS was seeking production of documents from 1981 through 1986, even though it purportedly sought to investigate tax years 1984, 1985, and 1986; and (4) the summons was an attempt to circumvent the tax code.[5] Clerk's Record at 7.
 
 
 4
 On January 14, 1988, the district court denied Kersting's objections and ordered his compliance with the summons. The court based its decision on: (1) the existence of at least one case in which a Tax Court found some of Kersting's programs to be abusive of the tax code; (2) the fact that "although it is theoretically possible for the Government to obtain some of the names of persons who participated in Kersting's programs" based on its existing cases involving persons who had participated in the programs, "a review of cases before the Tax Court will not reveal the names of all such persons" (emphasis added); (3) the Government's assertion that records for the years 1981 through 1983 were necessary to investigate properly transactions for 1984 through 1986; (4) the absence of evidence that some of the persons who would be the subject matter of the summons had not been referred to the Department of Justice for criminal prosecution. Clerk's Record at 13. The district court ruled, however, that if Kersting could show "that there is a Justice Department referral for criminal proceedings against any persons as to whom the summons seeks information, the information as to such person may be withheld." Id. On February 14, 1988, Kersting filed an appeal of the district court's January 14 order enforcing the summons.[6] That appeal is the subject of Case No. 88-1738.
 
 
 5
 At a May 31, 1988 hearing, the judge orally held Kersting in contempt, and ordered him to produce the documents specified in the summons.[7] On August 5, 1988, Kersting filed a motion in district court for discharge from prior orders of that court, asserting full compliance. The Government filed opposition papers on September 26, 1988, claiming that Kersting had not fully complied, and listing those documents that Kersting allegedly had not provided. On October 4, 1988, the district court denied Kersting's motion, refusing to address its merits for lack of jurisdiction while an appeal was pending before this court.
 
 B. Case No. 88-15549
 
 6
 Stepping up his barrage of motions, Kersting filed three additional ones in May 1988. These motions sought discovery of evidence (to learn the identity of an alleged informant), disclosure of alleged illegal electronic surveillance of Kersting by the IRS, and the recovery of costs for complying with the summons. On August 31, 1988, the district court denied the three motions, asserting that "jurisdiction over the substance of this action has transferred to the court of appeals." Clerk's Record at 63. It held that its jurisdiction was limited to the enforcement of the summons, and that because the summons had been enforced, 26 U.S.C. 7604 no longer conferred jurisdiction. Case No. 88-15549 is Kersting's appeal of those portions of the August 31 order that pertain to him.
 
 C. Case No. 88-15565
 
 7
 The district court in the August 31 order disposed of one additional motion filed May 31, 1988, by eleven individuals who sought leave to intervene and who alleged that the IRS sought information about them with the summons notwithstanding that the IRS already knew their identities. They moved for intervention as a matter of right and, in the alternative, for permissive intervention. Asserting that "there is no longer any proceeding in which to participate" and that "this court no longer has any jurisdiction" to consider their motions, the district court denied the motions. Clerk's Record at 63. This effort to intervene generates the appeal of the portion of the August 31 order that constitutes Case No. 88-15565. This court has appellate jurisdiction of all three cases under 28 U.S.C. § 1291.
 
 II.
 STANDARDS OF REVIEW
 
 8
 This court reverses a district court's decision to enforce an IRS summons only if clearly erroneous. Ponsford v. United States, 771 F.2d 1305, 1307 (9th Cir.1985). Whether the district court had jurisdiction to decide Kersting's and the prospective intervenors' motions once the notice of appeal had been filed with this court is a question of law reviewed de novo. See Dweck v. Japan CBM Corp., 877 F.2d 790, 792 (9th Cir.1989).
 
 III.
 DISCUSSION
 A. Mootness
 
 9
 The record before us is not adequate to determine whether Kersting has, to date, substantially complied with the district court's January 14, 1988 order enforcing the summons. If he has so complied, his appeal of that order is moot.[8] In addition, the prospective intervenors' opposition to the summons enforcement, if considered on its merits, also would be made moot by such compliance.[9] Therefore, we remand to the district court for proceedings to determine whether Kersting has substantially complied.
 
 
 10
 We hasten to point out that even if Kersting's appeal is found to be moot, he may still challenge the legality of the summons. For example, in the event that the Government institutes civil or criminal proceedings against him, he may move to suppress evidence obtained from the enforcement of the summons at trial. Donaldson v. United States, 400 U.S. 517, 531, 91 S.Ct. 534, 542, 27 L.Ed.2d 580 (1971) ("to the extent he may claim abuse of process, [he] may always assert ... that claim in due course at its proper place in any subsequent trial"); Securities and Exchange Comm'n v. Laird, 598 F.2d 1162, 1163 (9th Cir.1979) (per curiam); United States v. Kis, 658 F.2d 526, 533 (7th Cir.1981), cert. denied, 455 U.S. 1018, 102 S.Ct. 1712, 72 L.Ed.2d 135 (1982). Should Kersting's appeal be moot, the intervenors also would be free to renew their motion to intervene in any challenge to the summons Kersting thereafter might institute. We express no opinion on the likely success of any such motion.
 
 
 11
 Although we could perhaps remand without resolving the merits of the appeals presently before us, our interest in the expeditious disposition of this case requires us to address the issues on appeal on the basis of the record presently before us. We now turn to these appeals.
 
 B. Good Faith of the IRS
 
 12
 We commence with the proposition that there are three factual determinations that a district court must make under section 7609(f) before issuing its ex parte authorization of a John Doe summons. See supra note 3; see also United States v. Samuels, Kramer & Co., 712 F.2d 1342, 1346 (9th Cir.1983). The party upon whom the summons is served may, however, object to the enforcement of the summons and challenge the district court's finding that the IRS has established "that its use of the summons is 'in good-faith pursuit' of the purposes authorized by Congress." Id. at 1344 (citation omitted). Kersting's arguments, placed before the district court prior to his appeal, constitute the sole basis for his assertion that the IRS lacked good faith in issuing the summons.
 
 
 13
 To demonstrate good faith, the IRS must establish a prima facie case, showing that: (1) "the investigation will be conducted pursuant to a legitimate purpose"; (2) "the inquiry may be relevant to the purpose"; (3) "the information sought is not already within the Commissioner's possession"; and (4) "the administrative steps required by the Code have been followed." United States v. Powell, 379 U.S. 48, 57-58, 85 S.Ct. 248, 255, 13 L.Ed.2d 112 (1964); see also Samuels, Kramer & Co., 712 F.2d at 1344; United States v. Church of Scientology, 520 F.2d 818, 821 (9th Cir.1975). The Government must make only a "minimal showing" to satisfy its burden.
 
 
 14
 The Government's showing in this case clearly meets Kersting's first objection. There was ample basis for believing that the persons about whom records were sought had not complied with the tax law. Somewhat less compelling is the relevance of records pertaining to tax years other than those sought to be investigated. Whereas the relevance of records is clear for "tax years being examined, relevance is not so clear when records for other years are sought." United States v. Goldman, 637 F.2d 664, 667 (9th Cir.1980). The standard for relevance is low: "whether the inspection sought might [throw] light on the" matter under investigation; whether the IRS has a "realistic expectation rather than an idle hope that something may be discovered." Id. (citations omitted). Yet, as the court in Goldman pointed out, the Government's burden, while low, is not nonexistent. In Goldman, the Ninth Circuit affirmed a district court's conclusion that the Government had to do more than merely assert relevance to meet the Powell good faith standard. For example, in that case, we upheld a district court's finding that the Government had failed to demonstrate relevance where it did not "[refer] to any transaction which might possibly afford a realistic expectation...." Id.[10]
 
 
 15
 In its opposition to Kersting's objections to the summons, the Government stated that "to sort out the transactions for the years under investigation, the agent must be able to start at a point prior to those years." Clerk's Record at 9. The question is whether this assertion meets the standard of relevance. The Government gave no indication how the records would be used other than perhaps to provide "background" for the investigating agent. In light of Kersting's assertion that the records from prior years may assist ongoing grand jury investigations or criminal prosecutions for earlier tax years, the need for relevance is particularly important. However, whatever doubt exists as to whether the Government has met its burden must be resolved in favor of the district court's findings, which were not clearly erroneous.
 
 
 16
 Kersting's next effort to preclude the establishing of a prima facie case of "good faith" by the IRS was to argue that the information sought was already in the hands of the Service. This was so, says Kersting, because his activities in previous years, which the IRS had investigated, involved many, if not all, of those whose records the IRS now seeks. This contention is equivalent to Kersting saying that the IRS must take his word for what is in his records, which, of course, it is not required to do. The summons had a legitimate purpose: to find out who had been investing in Kersting's schemes. Moreover, even if the IRS knew that some of the 1984 through 1986 investors had invested in earlier years this would not defeat a prima facie case of good faith.
 
 
 17
 We, therefore, hold that once the IRS has established a prima facie case, the person served with the summons bears the burden of challenging the Government's good faith in its objections to the summons. Powell, 379 U.S. at 58, 85 S.Ct. at 255; Samuels, Kramer & Co., 712 F.2d at 1346. "To make a showing of bad faith ... a taxpayer must 'do more than allege an improper purpose'.... [A] taxpayer must answer the Government's prima facie case [by alleging] 'specific facts in rebuttal.' " Samuels, Kramer & Co., 712 F.2d at 1347-48 (citations omitted) (emphasis in original). The burden of rebutting the Government's showing "is a heavy one." United States v. LaSalle Nat'l Bank, 437 U.S. 298, 316, 98 S.Ct. 2357, 2367, 57 L.Ed.2d 221 (1978).
 
 
 18
 Kersting's most serious challenge to the IRS's good faith is his argument that the requested records concerned some persons already referred for grand jury investigation or criminal prosecution. Yet, the district court authorized Kersting to withhold information as to any persons that he can show have been so referred, and thus rendered harmless the summons. The district court's findings that the IRS made its prima facie showing of good faith and that Kersting failed to rebut this showing are not clearly erroneous.
 
 
 19
 On the basis of the record before us, we therefore affirm the district court order to enforce the summons.
 
 
 20
 C. District Court Jurisdiction of Kersting's and Prospective Intervenors' Post Appeal Motions
 
 
 21
 The district court clearly had jurisdiction of matters relating to enforcement of the summons pursuant to 26 U.S.C. §§ 7402(b), 7604(a), prior to Kersting's filing of the notice of appeal on February 14, 1988. In general, however, "filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 379, 105 S.Ct. 1327, 1331, 84 L.Ed.2d 274 (1985); Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982) (per curiam); Gould v. Mutual Life Ins. Co., 790 F.2d 769, 772 (9th Cir.), cert. denied, 479 U.S. 987, 107 S.Ct. 580, 93 L.Ed.2d 582 (1986).
 
 
 22
 A district court, on the other hand, sometimes retains jurisdiction in matters "collateral" to those resolved in the judgment on appeal, such as motions for attorneys fees. Garcia v. Burlington N. R.R. Co., 818 F.2d 713, 721 (10th Cir.1987). Cf. Cox v. American Cast Iron Pipe Co., 784 F.2d 1546, 1550-51 (11th Cir.), cert. denied, 479 U.S. 883, 107 S.Ct. 274, 93 L.Ed.2d 250 (1986). This rule does not help Kersting. The district court held that Kersting's motions for discovery of evidence and disclosure of alleged illegal electronic surveillance, if related at all to the summons enforcement action, related directly to the question of the IRS's good faith, a matter already appealed to this court. We agree. Therefore, the district court was precluded from ruling on these motions.
 
 
 23
 The same conclusion applies also to the intervenors' motion. Clearly, their proposed intervention concerns the merits of the order to enforce the summons and not a collateral matter. Therefore, the district court correctly denied their motion on the basis that it no longer had jurisdiction.
 
 
 24
 Although in some instances a motion for costs may be collateral to the action on appeal, see, e.g., Lucas v. Florida Power & Light Co., 729 F.2d 1300, 1301 (11th Cir.1984), aff'd, 765 F.2d 1039 (11th Cir.1985) (motion for costs does not seek reconsideration of substantive issues resolved in the judgment, and therefore does not nullify appeal already filed on merits on action), the district court viewed Kersting's motion for reimbursement of costs of compliance with the summons as "simply another objection to the enforcement" of the summons. Clerk's Record at 63. It determined properly that jurisdiction of the matter had been transferred to the court of appeals. Reimbursement of costs of compliance with an IRS summons are decided pursuant to 26 U.S.C. § 7610 (1982) and 26 C.F.R. § 301.7610-1 (1988), and are not severable from proceedings concerning summons' authorization or enforcement. Therefore, we affirm the district court's denial of Kersting's motion for costs on the basis that it did not have jurisdiction to decide that motion while his appeal was pending.
 
 D. Conclusions
 
 25
 The evidence before us is not adequate to determine whether Kersting has substantially complied with the summons. We remand to the district court for proceedings to determine whether Kersting has complied. If he has, the appeal enforcing the summons is moot with respect to all points raised by Kersting both before and after the appeals considered in this case, with the exception of his motion for costs. The prospective intervenors' challenge to the enforcement of the summons also would be made moot by such compliance. Based on the record before us, which indicates that Kersting's compliance was in doubt as of September 1988, we affirm the district court's January 14, 1988 order enforcing the summons.
 
 
 26
 We affirm the district court's August 31, 1988 denial of the four motions relating to the summons on the ground that the district court lacked jurisdiction to decide the merits of the motions at that time. We remand to allow the district court, at its discretion, to develop the record further and to decide the motions on their merits should it find that Kersting's opposition to enforcement is not made moot by compliance.
 
 
 27
 REMANDED.
 
 
 
 [1]
 "A 'John Doe' summons is, in essence, a direction to a third party to surrender information concerning taxpayers whose identity is currently unknown to the IRS." In re Tax Liabilities of John DOES, 671 F.2d 977, 978 (6th Cir.1982) (per curiam)
 
 
 [2]
 The materials summoned included all books, records, papers, and correspondence in Kersting's custody during 1984, 1985, and 1986 relating to investment plans; customer lists and similar documents identifying participants in such plans; books and records from 34 named companies for calendar years 1981 through 1986; and additional documents concerning the 34 named companies for calendar years 1984 through 1986. Clerk's Record at 1
 
 
 [3]
 Section 7609(f) permits a district court to authorize service of a John Doe summons only if the IRS establishes that:
 (1) the summons relates to the investigation of a particular person or ascertainable group or class of persons,
 (2) there is a reasonable basis for believing that such person or group or class of persons may fail or may have failed to comply with any provision of any internal revenue law, and
 (3) the information sought to be obtained from the examination of the records (and the identity of the person or persons with respect to whose liability the summons is issued) is not readily available from other sources.
 26 U.S.C. § 7609(f) (1982).
 
 
 [4]
 In January 1981, special agents of the Internal Revenue Service (IRS) Criminal Investigation Division executed a warrant to search Kersting's offices. Among those documents seized were lists of participants in those tax shelter programs prior to the date of the search. The Government claims that audits of these persons resulted in about 1,300 pending Tax Court cases related to Kersting's programs
 
 
 [5]
 "No summons may be issued ... with respect to any person if" the IRS has recommended grand jury investigation or criminal prosecution of such person, or if a request has been made for disclosure of that person's tax return. 26 U.S.C. § 7602(c) (1982). Kersting asserted that the summons was a way of obtaining documents to which the IRS's access was denied in Tax Court in a prior case, and of obtaining documents concerning persons who already were under investigation by grand juries. In response to Kersting's objections, the Government denied that it sought to circumvent the Tax Court's ruling, stating that the grand jury investigations in question had been terminated
 
 
 [6]
 On February 5, 1988, Kersting filed a motion in district court to stay the execution of the summons pending the disposition of his appeal. That stay was denied on March 17, 1988, and the denial was affirmed by the Ninth Circuit on April 13, 1988
 
 
 [7]
 The May 31 hearing concerned Kersting's May 6, 1988 motion for relief from the January 14, 1988 order. On June 8, 1988, the district court issued the order denying the motion for reconsideration, stating that "once the notice of appeal" of the January 14 order was filed, "jurisdiction was transferred to the Court of Appeal," and that therefore, the district court "no longer has subject matter jurisdiction over this matter." The court found also that "[a]s further grounds for denial of respondent's motion, ... it lacks merit under both Rule 60(b)(2) and 60(b)(3)." Clerk's Record at 47. Kersting did not appeal the June 8 order, and therefore its review is not before this court
 
 
 [8]
 United States v. Silva & Silva Accountancy Corp., 641 F.2d 710, 711 (9th Cir.1981). Every circuit that has considered this question, except the Third Circuit, see Gluck v. United States, 771 F.2d 750, 754 (3d Cir.1985), has held that compliance with an IRS summons moots an appeal of the enforceability of the summons. See, e.g., United States v. Arthur Andersen & Co., 623 F.2d 720, 725 (1st Cir.), cert. denied, 449 U.S. 1021, 101 S.Ct. 588, 66 L.Ed.2d 483 (1980); United States v. Deak-Perera Int'l Banking Corp., 610 F.2d 89, 89 (2d Cir.1979); Kurshan v. Riley, 484 F.2d 952, 952-53 (4th Cir.1973) (per curiam); United States v. Sherlock, 756 F.2d 1145, 1146-47 (5th Cir.1985); United States v. Patmon, 630 F.2d 458, 459 (6th Cir.1980) (per curiam); United States v. Kis, 658 F.2d 526, 532-34 (7th Cir.1981), cert. denied, 455 U.S. 1018, 102 S.Ct. 1712, 72 L.Ed.2d 135 (1982); United States v. Equity Farmers Elevator, 652 F.2d 752, 752 (8th Cir.1981) (per curiam); United States v. Trails End Motel, Inc., 657 F.2d 1169, 1170 (10th Cir.1981) (per curiam)
 
 
 [9]
 See Arthur Andersen & Co., 623 F.2d at 723-24. This case holds that whereas it is unreasonable to expect a disinterested third party to resist a summons at the risk of being held in contempt in order to protect the interests of those taxpayers whom the records concern, no such conclusion applies to interested third parties. Kersting clearly is not a disinterested third party. His zealous opposition to the summons enforcement, as well as the future economic damage he will suffer if clients refrain from investing in his programs because they anticipate that their tax deductions will be disallowed, attest to his clear and direct interest in the IRS investigation that is the substance of this case. See id. at 723-24
 
 
 [10]
 We noted that if the Government had indicated that it required records from prior years to calculate net worth, for example, the burden might have been met. Goldman, 637 F.2d at 667. In addition, the Eleventh Circuit held clearly erroneous a district court's finding that records from prior years were irrelevant where the IRS had asserted that the records were necessary to investigate changes in the taxpayer's lifestyle between those years and the years under investigation. La Mura v. United States, 765 F.2d 974, 982-83 (11th Cir.1985)