980 F.2d 736
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
C & C LIBERTY ENTERPRISES, John A. (Cal) Wadsworth and
Charlotte Wadsworth, Trustees, Plaintiffs-Appellants,
v.
UNITED STATES of America, and First Interstate Bank,
Defendants-Appellees.
 Nos. 91-16331, 91-16332.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 3, 1992.*
Decided Nov. 30, 1992.
 
 Before SNEED, ALARCON and CANBY, Circuit Judges.
 
 
 1
 AMENDED MEMORANDUM**
 
 
 2
 Appellant challenges the district court's denial of the plaintiff's petition to quash summons and grant of respondent's motion for Rule 11 sanctions. The district court concluded that 1) the IRS summonses were valid and enforceable, and 2) the petitioner's arguments against enforcement of the summons were frivolous and without merit.
 
 
 3
 We affirm. The government presented a prima facie case of the validity of the summonses. The petitioner failed to disprove the IRS's assertions and advanced groundless arguments. Although John Wadsworth signed the petition to quash summons, he did not sign the instant appeal. As a result, John Wadsworth is not a party to this appeal. See Knoblauch v. Commission of Internal Revenue, 749 F.2d 200, 201 n. 1 (5th Cir.1984), cert. denied, 474 U.S. 830 (1985).
 
 I.
 FACTS AND PRIOR PROCEEDINGS
 
 4
 Charlotte and John Wadsworth are trustees of C & C Liberty Enterprises. The Wadsworths did not file federal income tax returns from 1984 through 1988. In a letter dated March 8, 1990, Revenue Agent Edward Finley requested all records of the Wadworths' income and their bank statements. The Wadsworths did not provide any of the requested information. The IRS issued a summons on March 1, 1991 to First Interstate Bank requesting all account information for John and Charlotte Wadsworth and for C & C Liberty Enterprises. At the same time, the IRS served notices of the summonses on John and Charlotte Wadsworth and on C & C Liberty Enterprises.
 
 
 5
 The Wadsworths filed a petition to quash the summonses on March 19, 1991. They claimed the summonses were invalid because 1) the summons form did not have an Office of Management and Budget (OMB) number as required by the Paperwork Reduction Act; 2) the IRS failed to publish its organizational structure; 3) the Examination Branch of the IRS is only authorized to conduct examinations of federal income tax returns filed overseas, and; 4) Agent Finley did not have the authority to issue the summons.
 
 
 6
 Federal District Court Judge Vukasin denied the Petition to quash summons and granted the government's motion for Rule 11 sanctions against the Wadsworths. Judge Vukasin held that the summonses were "prima facie valid and enforceable" and that "[p]etitioners purported arguments ... are all utterly frivolous and without merit." First Interstate Bank complied with the summons on July 22, 1991 and produced all of the records. Charlotte Wadsworth filed this timely appeal of the Judgment and Monetary Sanctions on July 11, 1991.
 
 II.
 JURISDICTION AND STANDARDS OF REVIEW
 
 7
 This court has jurisdiction under 28 U.S.C. § 1291. The district court's decision to enforce the IRS summons is reviewed for clear error. United States v. Saunders, 951 F.2d 1065, 1066 (9th Cir.1991). We review district court decisions on Rule 11 sanctions under an abuse of discretion standard. Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1366 (9th Cir.1990) (en banc).
 
 III.
 DISCUSSION
 A. Issues Presented On Appeal
 
 8
 There are several issues presented on appeal: 1) whether this appeal is moot since the bank fully complied with the IRS summons, 2) whether the district court erred when it determined that the IRS summonses were valid, 3) whether the district court erred when it sanctioned appellant under Rule 11, and 4) whether a pro se litigant can represent a trust.
 
 B. Mootness
 
 9
 Since First Interstate Bank fully complied with the summons, the issue is moot. United States v. Kersting, 891 F.2d 1407, 1410 (9th Cir.1989), cert. denied, 111 S.Ct. 49 (1990).
 
 C. Validity of the summons
 
 10
 On appeal, however, an appellant can challenge the legality of the summons. If the summons is determined to have been illegal, appellant could move to suppress any evidence from the summons in a future proceeding. Id. at 1411. In order to determine the validity of the summons, it is necessary to apply the test enunciated by the United States Supreme Court in United States v. Powell, 379 U.S. 48, 57 (1964). The IRS must show four criteria: 1) that the investigation of the taxpayer will be conducted pursuant to a legitimate purpose; 2) that the inquiry is relevant to that purpose; 3) that the information requested in the summons is not already in the possession of the IRS, and 4) the summons has been made in accordance with the administrative requirements. Id. at 57-58. Furthermore, the Court has held that an individual opposing enforcement of the summons bear the "heavy" burden of disproving the actual existence of a legitimate government purpose. United States v. La Salle Nat'l Bank, 437 U.S. 298, 316 (1978).
 
 
 11
 In the instant case, the IRS issued its summons as part of its investigation of John and Charlotte Wadsworth. Since the Wadsworths did not file income tax returns for the years 1984 through 1988, the investigation is for a legitimate purpose. Before the summons was issued, the IRS sent the Wadsworths a request for information regarding their income for the years 1984 through 1988. The Wadsworths did not produce the requested information; thus the summons is relevant for the purpose of the investigation. Since the Wadsworths did not file tax returns, the IRS did not have the information it requested. Finally, the IRS served the Wadsworths with timely notice of the summons. Accordingly, the summons meets the Powell criteria for enforceability.
 
 D. Rule 11 Sanctions
 
 12
 Judge Vukasin sanctioned Charlotte Wadsworth for frivolous filings under Rule 11. This court reviews the district court's award of sanctions under an "abuse of discretion" standard. Townsend, 929 F.2d at 1365-66. Rule 11 sanctions are appropriate when a litigant fails to make a proper inquiry into the reasonableness and validity of the argument she advances. Rule 11 applies to pro se litigants as well as attorneys and parties represented by attorneys. Business Guides, Inc. v. Chromatic Communications Enter., 111 S.Ct. 922, 930 (1991). In relevant part Rule 11 provides that:
 
 
 13
 The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
 
 
 14
 Fed.R.Civ.P. 11. (emphasis added). Sanctions must be imposed on the signer if the filing is "frivolous." Townsend, 929 F.2d at 1362. This court defines a frivolous filing as one "that is both baseless and made without a reasonable and competent inquiry." Id.
 
 
 15
 In the present case, appellant failed to conduct a reasonable inquiry. Appellant advanced arguments that have previously been rejected by this court. See United States v. Hicks, 947 F.2d 1356, 1359 (9th Cir.1991) (rejected the argument that a failure to display an OMB number on a tax form was a violation of the Paperwork Reduction Act and rendered the government action void); United States v. Bentson, 947 F.2d 1353, 1355 (9th Cir.1991) (same), cert. denied, 112 S.Ct. 2310 (1992). The district court did not abuse its discretion when it held that petitioner's arguments were "utterly frivolous and without merit" and imposed Rule 11 sanctions.
 
 E. Pro se representation of a trust
 
 16
 It is well settled that pro se litigants do not have standing to represent a trust. Maisano v. Welcher, 940 F.2d 499, 501 (9th Cir.1991), cert. denied, 112 S.Ct. 1957 (1992). As a result, Charlotte Wadsworth can only appeal the IRS summons as it applies to her personally. She has no standing to represent C & C Liberty Enterprises.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3