**DAVID H. TEDDER & ASSOCIATES, INC., Plaintiff–Appellee,**

v.

**UNITED STATES of America, Defendant–Appellant.**

No. 94–55881.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 14, 1995.

Decided Feb. 27, 1996.

John A. Dudeck, Jr., United States Department of Justice, Tax Division, Washington, D.C., for defendant-appellant.

Donald S. Gottesman, Kulik, Gottesman & Mouton, Los Angeles, California, for plaintiff-appellee.

Before HUG, BEEZER, and KLEINFELD, Circuit Judges.

HUG, Circuit Judge:

The United States appeals the district court's order granting in part the law firm David H. Tedder & Associates' motion to quash an Internal Revenue Service summons issued under I.R.C. §§ 7602 and 7609 upon Wells Fargo Bank. The Government's summons sought production of specified transaction records relating to accounts held by the law firm with the bank. The records in question referenced the names of law firm clients. The district court quashed the summons with respect to the client-identifying information contained in the records. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

## I. FACTS AND PRIOR PROCEEDINGS

In response to a confidential informant's tip, the Internal Revenue Service (IRS) commenced an audit of appellee law firm David H. Tedder & Associates' income tax liability for the calendar year of 1989. Pursuant to I.R.C. § 7602(a), the IRS issued a summons seeking appellee's financial records for 1989, including records for transactions involving four accounts held by appellee with Wells Fargo Bank: the general client trust account, the operating account, the business account, and the Jenville trust account. Appellee produced the requested records, except those containing client-identifying information, where appellee instead proffered redacted versions of the requested documents. The law firm claimed that dis-

closure of client names was unwarranted and irrelevant.

On May 11, 1993, the IRS responded by serving a third-party summons on Wells Fargo Bank seeking the documents regarding the firm's four bank accounts. Appellee filed a timely petition to intervene and quash the summons pursuant to I.R.C. § 7609(b), arguing that the audit was being conducted in bad faith, that the IRS issued the summons in order to circumvent the requirements for "John Doe" summons in I.R.C. § 7609(f), that the information requested was privileged, and that the client identities were not relevant to the audit of appellee's 1989 tax return. After an evidentiary hearing on August 9, 1993, the district court inspected the disputed bank records *in camera* and prepared a table summarizing the transactions at issue. The table identified clients by their confidential client numbers as opposed to the client names, and included a description of the sources and recipients of the questioned transactions.

On April 19, 1994, the district court entered an order enforcing the summons in part and quashing it with respect to the client-identifying information. The district court explained that "the names of Tedder's clients are not relevant to the audit of Tedder's 1989 return, given the information already in the IRS' possession and the [sanitized] information provided by the court's *in camera* examination." The Government appealed.

## II. *DISCUSSION*

■ In this appeal, we are asked to respond to two different issues: (1) whether the district court applied an incorrect test to determine the relevance of the client-identifying information contained in the summons, and (2) whether the district court erred in finding that the client-identifying information was not relevant to the IRS' investigation. The determination of whether the district court applied the proper standard of relevancy in a summons enforcement proceeding is a question of law subject to *de novo* review. *See United States v. Powell*, 379 U.S. 48, 57–59, 85 S.Ct. 248, 254–56, 13 L.Ed.2d 112 (1964). We review IRS summons enforce-

ment decisions for clear error. *Ponsford v. United States*, 771 F.2d 1305, 1307 (9th Cir. 1985).

## A. PROPER STANDARD OF RELEVANCE

The IRS summons served on Wells Fargo Bank was pursuant to I.R.C. § 7609, which outlines special procedures the IRS must follow when it requires third-party recordkeepers to produce information accessible to the IRS under § 7602(a)(1). I.R.C. § 7602(a)(1) authorizes the IRS "[t]o examine any books, papers, records, or other data *which may be relevant* or material" to "ascertaining the correctness of any return, . . . [or] determining the liability of any person for any internal revenue tax."

Appellee exercised its right under I.R.C. § 7609(b) to institute a proceeding to quash the summons by timely intervening. Appellee opposed the summons because compliance would identify the clients participating in the transactions at issue in the audit. Following an evidentiary hearing, the district judge quashed in part the IRS summons, ruling that the "names of Tedder's clients are not relevant to the audit of Tedder's 1989 return" under § 7602(a)(1).

The Government contends that the district court erred in partially quashing the summons because the Government was held "to a higher standard of relevancy than necessary for enforcement of IRS summons." The district court found the requested client-identifying information irrelevant to the audit being conducted under *United States v. Goldman*, 637 F.2d 664, 667 (9th Cir.1980). The Government argues that the relevancy standard enunciated by the Supreme Court in *United States v. Arthur Young & Co.*, 465 U.S. 805, 104 S.Ct. 1495, 79 L.Ed.2d 826 (1984), should have been applied instead.

■ In *Goldman*, we explained that the Government has a "minimal," albeit "not nonexistent" burden of establishing the relevance of material requested in an IRS summons. 637 F.2d at 667. In order to meet the required showing that the summons "might throw light upon the correctness of the return," the IRS must demonstrate "in

the particular circumstances an indication of a realistic expectation rather than an idle hope that something may be discovered." *Id.* (quoting *United States v. Harrington,* 388 F.2d 520, 524 (2d Cir.1968)).

Three years after *Goldman,* the Supreme Court explained the term relevance as used in § 7602(a)(1):

> As the language of § 7602 clearly indicates, an IRS summons is not to be judged by the relevance standards used in deciding whether to admit evidence in federal court. The language "may be" reflects Congress' express intention to allow the IRS to obtain items of even *potential* relevance to an ongoing investigation, without reference to its admissibility. The purpose of Congress is obvious: the Service can hardly be expected to know whether such data will in fact be relevant until they are procured and scrutinized.

*Arthur Young & Co.,* 465 U.S. at 814, 104 S.Ct. at 1501 (citation omitted). The Court then articulated the relevance requirement of § 7602 to be whether the requested material "might have thrown light upon the correctness of the return." *Id.* at 813–15 & n. 11, 104 S.Ct. at 1501 & n. 11 (citing *Harrington,* 388 F.2d at 524).

This test is not inconsistent with that found in *Goldman.* Both descriptions of the standard for relevance derive from the same source: *United States v. Harrington.* Moreover, the Supreme Court explained in *Arthur Young & Co.* that the "realistic expectation rather than an idle hope" test was merely an amplification or alternative explanation of the "might have thrown light upon" test found in *Harrington, Arthur Young & Co.,* 465 U.S. at 813–14, n. 11, 104 S.Ct. at 1501, n. 11. In *La Mura v. United States,* 765 F.2d 974, 981 (9th Cir.1985), we explained that these two different formulations are essentially the same test:

> If the information sought by an IRS summons "might throw light upon the correctness of the taxpayer's return," then it is deemed to be relevant. Courts have explained this standard as requiring the IRS to demonstrate that it has a "realistic expectation rather than an idle hope that something might be discovered."

(quoting *United States v. Wyatt,* 637 F.2d 293, 300 (5th Cir.1981) (citations omitted)).

The district court cited *Goldman* in finding the names of Tedder's clients irrelevant to the audit of Tedder's 1989 tax return. It stated: "[T]he client names, *per se,* are not potentially relevant or material to the audit of Tedder's 1989 tax return and, accordingly, the IRS has not made the showing required by section 7602(a)(1) and *Goldman.*" However, the court also explained that "[t]he IRS has not demonstrated that the specific client identities 'might throw light upon the correctness' of Tedder's return." Thus, while it is true—as the Government argues—that the district court applied *Goldman,* it is also clear that the district court reviewed the Government's summons in light of the relevance standard set forth in *Arthur Young & Co.* as well. The district court concluded that this client-identifying portion of the summons failed under either formulation of the standard of relevance.

## B. DETERMINATION OF RELEVANCE

We now address the issue of the client-identifying information's relevance to the IRS' investigation. The Government argued that the relevancy of the client names to the IRS audit is a mixed question of law and fact subject to *de novo* review by this court, citing to *United States v. Rockwell International,* 897 F.2d 1255, 1262 (3d Cir.1990). It is well-established in this circuit, however, that the "clearly erroneous" standard applies to our review of IRS summons enforcement decisions. *Ponsford,* 771 F.2d at 1307; *United States v. Stuckey,* 646 F.2d 1369, 1373 (9th Cir.1981), *cert. denied sub nom, Weinstein v. United States,* 455 U.S. 942, 102 S.Ct. 1436, 71 L.Ed.2d 653 (1982).

Our review under the "clearly erroneous" standard is significantly deferential to the district court. *Concrete Pipe & Prods. v. Construction Laborers Pension Trust,* 508 U.S. 602, 623–25, 113 S.Ct. 2264, 2280, 124 L.Ed.2d 539 (1993). We can only overturn the district court's decision to quash the summons in part if, upon review, we are left with a definite and firm conviction that a mistake

has been made. *Id.* "If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Service Employees Int'l Union v. Fair Political Practice Comm'n,* 955 F.2d 1312, 1317 n. 7 (9th Cir.) (quoting *Anderson v. Bessemer City,* 470 U.S. 564, 573–74, 105 S.Ct. 1504, 1511–12, 84 L.Ed.2d 518 (1985)), *cert. denied,* 505 U.S. 1230, 112 S.Ct. 3057, 120 L.Ed.2d 922 (1992).

■ A review of the record and the district court's order does not leave a "definite and firm conviction" that the district court erred. In holding that the Government did not meet the "minimal" showing required of it to prove that the knowledge of the client names was relevant to the audit of appellee's 1989 return, the district judge explained:

> [T]he IRS has examined client-name redacted copies of the documents in dispute here, and acknowledges that its examination of Tedder's records, including these documents, revealed no discrepancies between the records and the tax return. The IRS has made no showing that there is any potential material difference—with respect to the Tedder audit—between the documents the IRS now possesses and the unredacted copies the IRS seeks, which add only the names of Tedder's clients.

The court conducted an extensive *in camera* examination of the entirety of the bank records requested by the IRS. It prepared a lengthy summary describing the transactions that omitted the client names which was affixed to the order. Only after the in-depth review of the transactions, and preparation of the sanitized descriptions thereof, did the court rule regarding their relevance. The

district court's ruling was not clearly erroneous.

### III. *CONCLUSION*

The district court neither failed to apply the correct relevancy standard, nor misapplied the proper standard. Furthermore, the district court did not clearly err in reaching its conclusion that the client-identifying information was not relevant to the IRS audit of appellee. We, therefore, affirm the order of the district court.[1]

**AFFIRMED.**

---

1. Appellants brought two recent decisions of this court to our attention pursuant to Fed.R.App.P. 28(j). The first, *United States v. Marbella,* 73 F.3d 1508, 1514 (9th Cir.1996), is inapposite. It concerns the sufficiency of evidence to support a conviction for money laundering, not the relevance of material sought in an IRS summons.

  The second case presented by appellants, *United States v. Blackman,* 72 F.3d 1418, 1422 (9th Cir.1995), supports our analysis in the present case. It indicates that a requisite element of the Government's prima facie case for validating a

summons is that "the inquiry is relevant" to a legitimate investigative purpose. *Id.,* at 1424. It then restates the applicable standard of review to be clear error. *Id.* As we have detailed above, the district judge determined the Government's inquiry not to be relevant to its legitimate investigation and we do not find that she clearly erred in making this determination.