101 F.3d 705
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jay FRANK, David Moule, Moule & Frank, Lawyers, Witnesses-Appellants,
v.
UNITED STATES of America, Appellee.
 No. 96-35802.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 7, 1996.*
Decided Nov. 13, 1996.
 
 Before: CANBY, RYMER, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jay Frank, David Moule, and their law partnership, Moule & Frank, Lawyers, appeal the district court's orders denying their motion to quash a grand jury subpoena duces tecum and adjudging them in civil contempt for failure to comply with the subpoena. We have jurisdiction, 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * We do not agree with Frank and Moule that the grand jury must limit its inquiry to whether the Estergard income was reported on the law firm's 1994 income tax return. "Where ... a subpoena is challenged on relevancy grounds [under Federal Rule of Criminal Procedure 17(c) ], the motion to quash must be denied unless ... there is no reasonable possibility that the category of materials the Government seeks will produce information relevant to the general subject of the grand jury's investigation." United States v. R. Enter., 498 U.S. 292, 301 (1991). The recipient of the subpoena bears the burden of showing unreasonableness. Id.
 
 
 4
 The "general subject" of the grand jury investigation includes, among other things, potential violations of 18 U.S.C. § 1956(a)(1)(A)(ii), which prohibits the laundering of criminally derived funds with "intent to engage in conduct constituting a violation of section 7201 or 7206 of the Internal Revenue Code of 1986[.]" The Tax Division of the Justice Department has authorized the grand jury to investigate possible criminal tax violations, and the Government provided notice at the May 16, 1996 hearing that the grand jury may be investigating tax matters that go beyond the reporting of the Estergard income. Frank and Moule have not met their burden of demonstrating that there is no reasonable possibility that the income and expense documents used to prepare the 1993 and 1995 tax returns, and the expense documents used to prepare the 1994 return, may produce information relevant to this investigation.
 
 
 5
 Under the Fourth Amendment, a "grand jury's subpoena duces tecum will be disallowed if it is 'far too sweeping in its terms to be regarded as reasonable.' " United States v. Calandra, 414 U.S. 338, 346 (1974) (quoting Hale v. Henkel, 201 U.S. 43, 76 (1906)). As the subpoena seeks income and expense documents for only one year on either side of the Estergard representation and permits client-identifying information to be redacted, cf., e.g., David H. Tedder & Associates, Inc., v. United States, 77 F.3d 1166 (9th Cir.1996) (summons for law firm records referenced names of clients), its scope is not so sweeping as to be unreasonable under the Fourth Amendment.
 
 
 6
 Frank and Moule cite to no authority, nor can we find any, suggesting that the Due Process Clause of the Fifth Amendment affords greater protections to a recipient of a grand jury subpoena duces tecum than does Federal Rule of Criminal Procedure 17 or the Fourth Amendment. Therefore, their due process challenge must fail.
 
 
 7
 As it was entered for failure to comply with a valid subpoena, the district court's order holding Frank and Moule in civil contempt was not an abuse of discretion.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3