**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEVEN A. SEARS, | No. 08-56899 |
| Petitioner - Appellee, | D.C. No. 8:08-cv-00769-DOC-MLG |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Respondent - Appellant. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted June 11, 2010
Pasadena, California

Before: GOODWIN, RAWLINSON, Circuit Judges, and BENNETT, District
Judge.[**]

The United States appeals an order, in proceedings pursuant to 26 U.S.C.

§ 7609, quashing those parts of IRS summonses to third-party financial institutions

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Mark W. Bennett, District Judge for the Northern
District of Iowa, sitting by designation.

seeking client-identifying information in accounts of Steven A. Sears, an attorney and certified public accountant. The summonses were issued as part of a criminal investigation of Sears's tax liabilities for 2002 through 2007. The district court held that clients' names were irrelevant to the IRS's investigation and that disclosing them would be "tantamount" to revealing privileged communications. We reverse and remand.

**1.** In this case, the IRS did not receive name-redacted copies of the requested records, the IRS could not yet determine whether there were discrepancies between the records and the tax returns, and the district court did not perform any *in camera* examination of the unredacted records to determine the relevance of the clients' names. *Compare David H. Tedder & Assocs., Inc. v. United States*, 77 F.3d 1166, 1168-69 (9th Cir. 1996). In these circumstances, "the Service can hardly be expected to know whether [clients' names] will in fact be relevant until they are procured and scrutinized." *United States v. Arthur Young & Co.*, 465 U.S. 805, 814 (1984).

Thus, the district court clearly erred in concluding that clients' names were irrelevant to the IRS's investigation. *Tedder*, 77 F.3d at 1168 (review of IRS summons enforcement decisions is for clear error).

**2.** This court reviews *de novo* the applicability of the attorney-client privilege. *United States v. Wiseman*, 274 F.3d 1235, 1244 (9th Cir. 2001). "It is well-settled that there is no privilege between a bank and a depositor." *Reiserer v. United States*, 479 F.3d 1160, 1165 (9th Cir. 2007) (citing *Harris v. United States*, 413 F.2d 316, 319-20 (9th Cir. 1969)). More importantly, for present purposes, "there is no confidentiality where a third party such as a bank either receives or generates the documents sought by the IRS." *Id.* The limited exception to this rule, where disclosure of clients' identities "would convey information tantamount to a confidential communication," *United States v. Blackman*, 72 F.3d 1418, 1424 (9th Cir. 1995), does not apply.

We reverse and remand with instructions to grant the IRS's Motion To Deny Petitioner's Petition To Quash And Declaration Of IRS Agent In Support Thereof in its entirety, to deny Sears's Petition To Quash Summonses in its entirety, and to enforce the IRS's summonses in their entirety.

REVERSED AND REMANDED.