T.C. Memo. 1999-197

UNITED STATES TAX COURT

HENRY F. K. KERSTING, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7448-96.                    Filed June 17, 1999.

<u>Leonard Thomas Bradt</u>, for petitioner.

<u>Henry E. O'Neill</u>, for respondent.

MEMORANDUM OPINION

LARO, <u>Judge</u>:  Mr. Kersting petitioned the Court on April 16,
1996, to redetermine respondent's determination of deficiencies
in petitioner's Federal income tax for 1982 through 1988.
Respondent determined petitioner had unreported income in
connection with his tax shelter promotion activities.  The

resulting deficiencies in income tax and additions to tax are as follows:

| | | Additions to Tax | | |
|------|------------|----------------|----------------------|--------------|
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6653(a)[1] | Sec. 6654(a) |
| 1982 | $454,752 | $113,688 | $22,738 | $44,274 |
| 1983 | 855,081 | 213,770 | 42,754 | 52,325 |
| 1984 | 960,807 | 240,202 | 48,040 | 60,407 |
| 1985 | 1,045,458 | 261,365 | 52,273 | 59,909 |
| 1986 | 787,428 | 196,857 | 39,371 | 38,097 |
| 1987 | 101,574 | 25,394 | 5,079 | 5,489 |
| 1988 | 28,064 | 7,016 | 1,403 | 1,794 |

[1]Respondent also determined that the time sensitive addition to tax under section 6653(a)(2) also applied for 1982 through 1988, and that the time sensitive addition to tax under section 6653(a)(1)(B) applied to 1986 and 1987.

We decide the following issues:

1.  Whether the presumption of correctness attaches to respondent's deficiency determination.  We hold it does.

2.  Whether petitioner's gross income includes receipts from tax shelter promotion activities as determined by respondent in the following amounts:

| Year | Amount |
|------|-----------|
| 1982 | $916,997 |
| 1983 | 1,720,483 |
| 1984 | 1,932,671 |
| 1985 | 2,101,968 |
| 1986 | 1,585,676 |
| 1987 | 266,681 |
| 1988 | 83,045 |

We hold it does.

3. Whether section 162 allows petitioner to claim deductions for 1982 through 1988 for expenses incurred by petitioner's alter ego corporations. We hold it does not.

4. Whether petitioner is liable for additions to tax for failure to file under section 6651(a)(1) for 1982 through 1988. We hold he is.

5. Whether petitioner is liable for additions to tax for negligence under section 6653(a)(1) and (2) for 1982 through 1985, section 6653(a)(1)(A) and (B) for 1986 and 1987, and section 6653(a) for 1988. We hold he is.

6. Whether petitioner is liable for additions to his 1982 through 1988 taxes under section 6654(a) for failure to pay estimated taxes. We hold he is.

Unless otherwise stated, section references are to the Internal Revenue Code in effect for the years in issue. Rule references are to the Tax Court Rules of Practice and Procedure. Dollar amounts are rounded to the nearest dollar.

## Background

Some of the facts have been stipulated and are so found. The stipulated facts and exhibits submitted therewith are incorporated herein by this reference. Petitioner resided in Honolulu, Hawaii, when he petitioned the Court.

Petitioner was a promoter and manager of investment plans designed to create interest deductions for plan participants.[1] Petitioner has not filed a tax return since 1975. In January 1981, special agents of the Internal Revenue Service (IRS), Criminal Investigation Division, executed a warrant to search petitioner's corporate offices. Among the documents seized were lists of participants in the tax shelter programs. Audits of these participants resulted in the filing in this Court of approximately 1,800 petitions. In 1989, 14 dockets involving eight petitioners with similar adjustments were selected as test cases, consolidated for purposes of trial, briefing, and opinion, and set for trial under the name Dixon v. Commissioner. The issue in Dixon was whether the interest deductions generated by the Kersting investment plans were allowable.

While the Dixon taxpayers were awaiting trial, the IRS on May 15, 1987, petitioned the U. S. District Court for the District of Hawaii (District Court) for leave to serve a John Doe summons on petitioner. In its petition, the IRS alleged that petitioner was promoting tax shelters of questionable validity

---

[1] See Dixon v. Commissioner, T.C. Memo. 1991-614, vacated and remanded sub nom. DuFresne v. Commissioner, 26 F.3d 105 (9th Cir. 1994), reinstated sub. nom. Dixon v. Commissioner, T.C. Memo. 1999-101, for a detailed analysis of petitioner's investment operations.

and that it sought the summoned documents in order to identify taxpayers participating in petitioner's investment plans.

The District Court enforced the John Doe summons over the objections of petitioner and third-party intervenors. The District Court's enforcement order was affirmed by the Court of Appeals for the Ninth Circuit, but the appellate court remanded the case to the District Court to determine whether petitioner had already complied with the summons and thus rendered the appeal moot. See United States v. Kersting, 891 F.2d 1407, 1411-1413 (9th Cir. 1989).

Following service of the John Doe summons, the IRS determined that petitioner was engaged in promoting abusive tax shelters from 1982 through 1988. Based on his determination that the 33 corporations involved in the investment plans were alter egos of petitioner, the Commissioner attributed income from the corporations to petitioner as follows: $916,997, $1,720,483, $1,932,671, $2,101,968, $1,585,676, $266,681, and $83,045 for the years 1982 through 1988, respectively. The Commissioner also assessed penalties in excess of $3.8 million against petitioner pursuant to sections 6700 and 6701. Petitioner paid $22,398, a portion of the sections 6700 and 6701 penalties, and brought suit in the District Court for refund of the amounts paid (Kersting I, Civ. No. 90-00304 HMF). The United States filed a counterclaim in the amount of $2,329,700 to reduce the section 6701 penalties

to judgment, and it brought a separate action to reduce the section 6700 penalties to judgment (Kersting II, Civ. No. 92-00593 HMF).  The 33 corporations involved in the investment plans brought a wrongful levy action pursuant to section 7426 seeking various remedies (Pacific Paradise, Civ. No. 91-00747 HMF).  The three cases were consolidated and are hereinafter referred to as Kersting (Consolidated Cases).

The Dixon taxpayers tried their cases before this Court in January 1989.  In Dixon v. Commissioner, T.C. Memo. 1991-614, the Court sustained virtually all of the Commissioner's determinations in each of the test cases.  However, the Court's decisions in Dixon were vacated and remanded sub nom. DuFresne v. Commissioner, 26 F.3d 105 (9th Cir. 1994), with directions to conduct an evidentiary hearing to consider the effect of the Commissioner's admission, subsequent to the trial and entry of decisions, that there had been secret settlements with two of the Dixon test case taxpayers.  Following an extensive evidentiary hearing and in a lengthy opinion, the Tax Court reinstated the decisions in Dixon determining deficiencies in the income of the taxpayers.  See Dixon v. Commissioner, T.C. Memo. 1999-101.

Kersting (Consolidated Cases) was tried in the District Court before Judge Harold M. Fong in a nonjury trial commencing May 10, 1994, and concluding June 17, 1994.  During the course of the trial, the District Court considered and denied a number of

motions filed by petitioner. See <u>Kersting v. United States</u>, 865 F. Supp. 669 (D. Haw. 1994). On September 2, 1994, the District Court entered findings of facts and conclusions of law. Adopting the Commissioner's gross income calculations, the District Court found, among other things, that petitioner was liable for penalties under section 6700 for 1982 through 1988 in the aggregate amount of $1,373,700.[2] In calculating the amounts of the penalties, the District Court found that the 33 corporations were alter egos of petitioner and that the gross income of the corporations was therefore attributable to petitioner. Specifically, the District Court found that:

> The government has demonstrated that Kersting derived as gross income through his corporations $3,478,036.25 from his abusive programs from September 4, 1982, through July 18, 1984, and $5,129,483.70 thereafter. Applying the appropriate percentages * * * Kersting therefore is liable in the amount of $1,373,700.41 pursuant to section 6700.

> Though he has the burden of proof in this area, Kersting presented no credible evidence of what he considered was the gross income derived or to be derived from his programs. In fact, Kersting's own testimony strongly suggested that he generated much more income from his programs than was included by the IRS in its calculations and that the Section 6700 penalty is substantially understated.

---

[2] For violations occurring before July 19, 1984, sec. 6700 imposes a penalty of 10 percent of the gross income derived or to be derived by the taxpayer from an abusive tax shelter. For violations occurring after July 19, 1984, sec. 6700 imposes a penalty of 20 percent of the gross income so derived.

Judgment for the Government was entered on September 30, 1994, and an appeal by Mr. Kersting (and others) of the judgment is pending before the Court of Appeals for the Ninth Circuit.

On September 14, 1995, respondent issued a notice of deficiency to petitioner that determined deficiencies and additions to tax based on gross income attributable to petitioner through the 33 corporations.

## Discussion

### Presumption of Correctness

Petitioner moves to shift the burden of proof to respondent. The parties agree respondent based his determination of unreported income on the District Court's findings in Kersting (Consolidated Cases). Petitioner contends respondent's sole reliance on those findings makes the determination arbitrary and erroneous so as to shift the burden of proof to respondent.[3] We disagree.

Respondent's determination is generally presumed correct, and the taxpayer has the burden of proof. See Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). However, the presumption of correctness may not attach in certain unreported income cases if respondent does not present some predicate evidence supporting

_____

[3]Petitioner does not assert that respondent failed to "determine" the amount of deficiency pertaining to the years at issue as required by sec. 6212(a). Compare Scar v. Commissioner, 814 F.2d 1363 (9th Cir. 1987), revg. 81 T.C. 855 (1983).

the determination.  See <u>United States v. Janis</u>, 428 U.S. 433, 441-442 (1976); <u>Weimerskirch v. Commissioner</u>, 596 F.2d 358, 360 (9th Cir. 1979), revg. 67 T.C. 672 (1977).  The rationale for this exception is based on the recognized difficulty the taxpayer bears in proving the nonreceipt of income.  See <u>Elkins v. United States</u>, 364 U.S. 206 (1960); <u>Flores v. United States</u>, 551 F.2d 1169, 1175 (9th Cir. 1977).  When the determination is considered arbitrary and erroneous, the presumption of correctness is destroyed.  See <u>United States v. Janis</u>, <u>supra</u> at 442; <u>Weimerskirch v. Commissioner</u>, <u>supra</u>.

Petitioner's contention that respondent's determination is arbitrary and erroneous is without merit.  Petitioner stipulated to the District Court's opinion in <u>Kersting</u> (Consolidated Cases) and stipulated to nearly the entire record in <u>Kersting</u> (Consolidated Cases), including voluminous testimony and exhibits.  After an extensive examination of the voluminous record, the District Court released a detailed 107-page opinion, and respondent's determination is based squarely thereon.

During trial of this case, petitioner neither presented witnesses nor made any meaningful attempt to rebut the overwhelming evidence supporting respondent's determination, evidence to which petitioner stipulates.  Respondent has amply demonstrated the requisite "predicate evidence" supporting his determination.  Petitioner nonsensically argues the determination

is arbitrary because there was evidence of higher gross income in Kersting (Consolidated Cases), yet the District Court adopted the more conservative figures. He further argues that irregularities exist in respondent's method of income reconstruction in Kersting (Consolidated Cases). These arguments fail to refute the fact that respondent has connected petitioner to the income-producing activity and has amply demonstrated the determination of unreported income is grounded in fact. Because the determination in this case stands securely on a foundation of concrete evidence, we hold that the presumption of correctness attaches to respondent's determination and the burden of proof rests with petitioner.

Gross Income

Respondent argues petitioner is collaterally estopped from relitigating the issue of whether he had gross income during 1982 through 1988 in the amounts determined by the District Court in Kersting (Consolidated Cases). Petitioner agrees the elements of collateral estoppel are satisfied but argues the judgment in Kersting (Consolidated Cases) has no preclusive collateral estoppel effect because the judgment was obtained by fraud allegedly perpetrated by the Government on the District Court. We disagree.[4]

---

[4] The Court previously denied respondent's motion for
(continued...)

"Collateral estoppel and the related doctrine of res judicata have the dual purpose of protecting litigants from the burden of relitigating an identical issue and of promoting judicial economy by preventing unnecessary or redundant litigation." Meier v. Commissioner, 91 T.C. 273, 282 (1988). Issue preclusion, or collateral estoppel, is defined in 1 Restatement, Judgments 2d, sec. 27 (1982), as follows: "When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim."

In Montana v. United States, 440 U.S. 147, 155 (1979), the Supreme Court established a three-prong test for applying collateral estoppel: First, the issues presented in the subsequent litigation are in substance the same as those issues presented in the first case; second, the controlling facts or legal principles have not changed significantly since the first judgment; and third, other special circumstances do not warrant an exception to the normal rules of preclusion. In Peck v.

---

[4](...continued)
partial summary judgment on the issue of whether petitioner is collaterally estopped from relitigating his gross income for 1982 through 1988. We now reconsider that issue with the benefit of the complete record.

<u>Commissioner</u>, 90 T.C. 162, 166 (1988), affd. 904 F.2d 525 (9th Cir. 1990), we stated that the "three-pronged rubric provided by the Supreme Court in the <u>Montana</u> case embodies a number of detailed tests developed by the courts to test the appropriateness of collateral estoppel in essentially factual contexts." Building on the Supreme Court's analysis in <u>Montana</u>, we identified five conditions that must be satisfied for collateral estoppel to apply: First, the issue in the second suit must be identical in all respects with the one decided in the first suit; second, there must be a final judgment rendered by a court of competent jurisdiction; third, collateral estoppel may only be invoked against parties and their privities to the prior judgment; fourth, the parties must have actually litigated the issue and the resolution of these issues must have been essential to the prior decision; and fifth, the controlling facts and applicable legal rules must remain unchanged from those in the prior litigation. See <u>Peck v. Commissioner</u>, <u>supra</u> at 166-167; see also <u>Commissioner v. Sunnen</u>, 333 U.S. 591, 599-600 (1948); <u>Gammill v. Commissioner</u>, 62 T.C. 607, 613-615 (1974).

Petitioner concedes <u>Peck's</u> five-prong analysis is satisfied.[5] However, citing <u>Montana's</u> "special circumstances"

---

[5] It is settled law that the District Court's judgment is considered to be final for purposes of the application of collateral estoppel. See <u>Robi v. Five Platters, Inc.</u>, 838 F.2d

(continued...)

exception, petitioner objects to the application of collateral estoppel on the ground that the judgment in the prior case was obtained by perpetrating fraud upon the court. On brief, petitioner identifies two instances of what he claims was fraud perpetrated on the District Court. First, petitioner claims that during Kersting (Consolidated Cases), the Government used grand jury material obtained in violation of Rule 6(e) of the Federal Rules of Criminal Procedure and deceived the court about the origin of that material. Second, petitioner claims that the Government impermissibly used a John Doe summons to identify petitioner's tax liability and subsequently deceived the court about this purpose.

Petitioner's allegations of fraud upon the court concern allegedly false statements or representations made by the Commissioner's agents or counsel for the Government either prior to or during the trial of Kersting (Consolidated Cases). Petitioner's claims of fraud on the court have previously been considered and rejected by the District Court. See Kersting v. United States, 865 F. Supp. 669, 671-676 (D. Haw. 1994)(wherein the court rejected petitioner's claim the Government improperly used grand jury materials); United States v. Kersting, 891 F.2d 1407, 1411-1413 (9th Cir. 1989)(wherein the District Court

---

5(...continued)
318, 327 (9th Cir. 1988).

rejected petitioner's claim the Government improperly used a John Doe Summons). We are satisfied that no special circumstances exist which preclude the application of collateral estoppel. Because the requirements for application of collateral estoppel have been satisfied, petitioner is collaterally estopped from denying that he had gross income during 1982 through 1988 in the amounts determined by the District Court in <u>Kersting</u> (Consolidated Cases). Accordingly, we sustain respondent's determination of unreported income for all years.

<u>Business Expenses</u>

In various pretrial pleadings, petitioner argued generally he was entitled to offsetting deductions for bad debts and business expenditures of the nominee corporations that were not taken into account by respondent when computing the unreported income. Petitioner's interest in this issue waned by the time of trial in this case as he presented no witnesses and neither listed this as an issue nor presented any legal argument on this point. [6]

---

[6] Liberally construing his brief, we glean the total of petitioner's "argument" on this point from the following six requested findings of fact:

*   *   *   *   *   *   *

17. The corporations employed and paid attorneys to represent them and/or Henry Kersting.

(continued...)

Petitioner invites the Court implicitly to wade through the numerous checks in the record, calculator in hand, to come up with the purported amounts of alleged business expenses. We decline this invitation. See <u>Stringer v. Commissioner</u>, 84 T.C. 693 (1985), affd. without published opinion 789 F.2d 917 (4th Cir. 1986)(wherein the Court refused to sift through a voluminous and unintelligible record without the aid of a brief). Deductions are a matter of legislative grace, and taxpayers bear the burden of proving they are entitled to claimed deductions. See Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111 (1934);

---

[6](...continued)
18. The corporations paid the legal fees of attorneys who represented some of the test-case petitioners in <u>Dixon v. Commissioner</u>.

    \*     \*     \*     \*     \*     \*     \*

20. The corporations paid rent on office space during the years in question.

21. The corporations paid for telephone service during the years in question.

    \*     \*     \*     \*     \*     \*     \*

29. In determining the income derived or to be derived by the corporations, the Commissioner did not take into account any deductions that the corporations would have had for ordinary business expenses.

30. The Commissioner was required to take into account those business deductions which the Commissioner had evidence of when determining the alleged deficiency of Kersting.

Petitioner's Post-Trial Brief, pp.4-5 (citations omitted)

INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). Section 162 generally allows a deduction for all the ordinary and necessary expenses paid or incurred in carrying on any trade or business. In order for petitioner to meet his burden of proof under section 162(a), he must prove the item claimed as a deductible business expense: (1) Was paid or incurred during the taxable year; (2) was for carrying on his trade or business; (3) was an expense; (4) was a necessary expense; and (5) was an ordinary expense. See Commissioner v. Lincoln Savs. & Loan Association., 403 U.S. 345, 352 (1971); Welch v. Helvering, supra. The determination of whether an expenditure satisfies the requirements of section 162 is a question of fact. Commissioner v. Heininger, 320 U.S. 467, 475 (1943). On this record, petitioner has failed to prove he is entitled to any business deductions under section 162, and we so hold.[7]

Additions to Tax

Section 6651(a)(1) reads in pertinent part:

In case of failure * * * to file any return * * * on the date prescribed therefor * * *, unless it is shown that such failure is due to reasonable cause and not due to wilful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for

---

[7] The findings in Kersting (Consolidated Cases) that none of the nominee corporations kept adequate books and records, and that petitioner used the nominee corporations to pay his personal living expenses render petitioner's claim to legitimate business expenses particularly suspect.

not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate.  Sec. 6651(a)(1).

To escape the addition to tax for filing late returns, petitioner has the burden of proving (1) that the failure to file did not result from wilful neglect, and (2) that the failure was due to reasonable cause.  See United States v. Boyle, 469 U.S. 241, 245 (1985).  Reasonable cause requires taxpayers to demonstrate that they exercised "ordinary business care and prudence" but nevertheless were "unable to file the return within the prescribed time."  Sec. 301.6651-1(c)(1), Proced. and Admin. Regs.

For all relevant years, petitioner failed to file returns. The record in this case is void of any evidence of the reason for this failure.  Thus, the record is void of evidence that the failure was for reasonable cause.  We sustain respondent's determination of additions to tax under section 6651(a)(1) for all years.

Respondent determined additions to tax for negligence for 1982 through 1988.  Respondent determined petitioner's underpayment of income tax in each year was due to negligence or intentional disregard of rules or regulations.  For 1982 through 1985, section 6653(a)(1) imposes an addition to tax equal to 5

percent of the underpayment if any part of the underpayment is attributable to negligence. Section 6653(a)(2) also imposes an addition to tax equal to 50 percent of the interest payable on the portion of the underpayment attributable to negligence.

With respect to returns that have due dates after December 31, 1986 (e.g., petitioner's 1986 and 1987 tax returns), section 1503(a) of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2085, 2742-2743, replaced former section 6653(a)(1) and (2) with section 6653(a)(1)(A) and (B). Section 6653(a)(1)(A) and (B) is similar to former section 6653(a)(1) and (2). Section 6653(a)(1)(A) imposes an addition to tax equal to 5 percent of the underpayment if any part of the underpayment is attributable to negligence. Section 6653(a)(1)(B) imposes an addition to tax equal to 50 percent of the interest payable on the portion of the underpayment attributable to negligence.

With respect to returns that have due dates after December 31, 1988 (e.g., petitioner's 1988 tax return), section 1015(b)(2)(A) of the Technical and Miscellaneous Revenue Act of 1988 (TAMRA), Pub. L. 100-647, 102 Stat. 3342, 3569, replaced former section 6653(a)(1)(A) and (B) with section 6653(a). Section 6653(a) was similar to former section 6653(a)(1)(A). Section 6653(a) imposes an addition to tax equal to 5 percent of the portion of the underpayment attributable to negligence. Section 6653(a)(1)(B), however, has no counterpart

following the enactment of TAMRA.

For purposes of all of these provisions, negligence connotes a lack of due care or a failure to do what a reasonable and ordinarily prudent person would do under the circumstances. See Neely v. Commissioner, 85 T.C. 934, 947 (1985); Korshin v. Commissioner, T.C. Memo. 1995-46.  Petitioner bears the burden of proving respondent's determination of negligence is erroneous. See Rule 142(a); Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972); see also  Stovall v. Commissioner, 762 F.2d 891, 895 (11th Cir. 1985), affg. T.C. Memo. 1983-450; Korshin v. Commissioner, supra.  Petitioner has failed to do so.  Petitioner presented no evidence to overcome the determination of negligence.  To the contrary, the record establishes that petitioner failed to exercise due care and failed to do what a reasonable and ordinarily prudent person would have done under the circumstances.  Petitioner neglected to file returns for any of the 7 years in issue and has not filed a return since 1975. Petitioner presented no evidence of reasonable cause for his failure to file returns.  His breach of his statutory duty to file timely Federal income tax returns for the years in issue is evidence of negligence.  See Condor Intl., Inc. v. Commissioner, 98 T.C. 203, 225 (1992), affd. in part, revd.in part 78 F.3d 1355 (9th Cir. 1996); Emmons v. Commissioner, 92 T.C. 342, 349 (1989), affd. 898 F.2d 50 (5th Cir. 1990); see also Korshin v.

<u>Commissioner</u>, <u>supra</u>.  We sustain respondent's determination of additions to tax for negligence for all of the years in issue.

Respondent determined an addition to tax against petitioner under section 6654(a) for failure to make timely estimated tax payments.  This addition to tax generally is mandatory and cannot be waived due to reasonable cause.  See <u>Recklitis v. Commissioner</u>, 91 T.C. 874, 913 (1988); <u>Grosshandler v. Commissioner</u>, 75 T.C. 1, 21 (1980);  <u>Estate of Ruben v. Commissioner</u>, 33 T.C. 1071, 1072 (1960); sec. 1.6654-1(a), Income Tax Regs.  However, no addition to tax is imposed under section 6654(a) if one of the exceptions set forth in section 6654(e) is satisfied.  Petitioner presented no evidence that an exception applies and failed to address this issue on brief.  We sustain respondent's determination of the addition to tax under section 6654 for all years in issue.

We have considered all arguments made by petitioner, and, to the extent not addressed above, find them to be without merit. To reflect the foregoing,

<u>An appropriate order</u>

<u>will be issued and decision</u>

<u>will be entered for respondent</u>